UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

The Trustees of the Sheet Metal Local #10
Control Board Trust Fund,

    Plaintiffs,

vs.

Swanson Plumbing & Heating, Inc.,

Defendant.

Case No: 10-CV-01054 (JNE/SRN)

**REPORT AND RECOMMENDATION**

By Order of Reference from the Honorable Joan N. Ericksen, this matter came before the undersigned upon the Plaintiffs' Motion for Entry of Judgment. A hearing was held on September 10, 2010. Michael P. Eldridge of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## **FINDINGS OF FACT**

1. Plaintiffs filed the Summons and Complaint in this matter on April 1, 2010.

2. Defendant's authorized agent was personally served with the Summons and Complaint in this matter on April 12, 2010.

3. Defendant failed to file and serve a response or Answer to the Summons and Complaint.

4. The Clerk entered default on May 5, 2010.

5. Plaintiffs are Trustees of the Sheet Metal Local #10 Control Board Trust Fund

("Control Board").  The Control Board is a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to ERISA § 3 (37)(A), 29 U.S.C. § 1002 (37)(A).

6. The Control Board is also a clearinghouse for a number of multi-employer fringe benefit plans established to provide pension, health and welfare, vacation, industry and training funds and other benefits for employees pursuant to the terms of various Collective Bargaining Agreements.

7. On August 5, 1986, Defendant Swanson Plumbing & Heating, Inc. ("Swanson") applied for membership in the Sheet Metal and Roofing Contractors of Minnesota, Inc. ("SMARCA").

8. SMARCA's Board of Directors approved Swanson's membership in SMARCA on October 22, 1986.

9. SMARCA's Articles of Incorporation provide that members of SMARCA delegate to SMARCA the authority to negotiate labor agreements with the Sheet Metal Workers Local No. 10.

10. SMARCA and Sheet Metal Local No. 10 negotiated a Collective Bargaining Agreement with a term of May 1, 2008 through April 30, 2011 ("Collective Bargaining Agreement") to which Swanson agreed to be bound by virtue of its membership in SMARCA.

11. The Collective Bargaining Agreement requires Swanson to submit contributions to pension, health and welfare, vacation, industry and training funds in the amount per hour specified in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

12. The Collective Bargaining Agreement incorporates by reference the

Restated Declaration of Trust for the Sheet Metal Local No. 10 Control Board Trust Fund ("Trust Agreement") and states that all contributions shall be paid in accordance with the Trust Agreement.

13. The Collective Bargaining Agreement and Trust Agreement require Swanson to set forth the amount due and owing for contributions on a report form to be submitted to the Control Board with Swanson's monthly payment.

14. The Collective Bargaining Agreement and the Trust Agreement also require Swanson to submit the report and payment to the Control Board by the tenth day of the following month for which the contributions are due. Any employer whose report and contributions are not received by the Control Board within five days after the tenth, or the first working day thereafter, is deemed delinquent.

15. Swanson breached the terms of the Collective Bargaining Agreement and Trust Agreement by failing to timely submit the reports and contributions for the months of February 2010 through May 2010 ("Delinquency Period"). Although Swanson ultimately submitted the required reports on an untimely basis, Swanson did not remit the required contributions.

16. Pursuant to the reports untimely submitted by Swanson for the Delinquency Period, $10,842.85 is due and owing for delinquent contributions.

17. The Collective Bargaining Agreement and the Trust Agreement further state that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month. However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Control Board on or before the tenth day of the next month, the

liquidated damages assessment increases to twenty percent.

18. Liquidated damages of $2,168.57 are due and owing for the Delinquency Period.

19. The Collective Bargaining Agreement states that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer. Likewise, the Trust Agreement states that the reasonable costs and attorneys' fees incurred by the Control Board in collecting or attempting to collect delinquent contributions shall be paid by the delinquent employer.

20. The Control Board incurred attorneys' fees and costs totaling $1,861.56 in pursuing this delinquency. The attorneys' fees and costs incurred by the Control Board are reasonable under the circumstances and were limited to performing those services necessary for the prosecution of the Control Board's claims.

21. The total amount due and owing for delinquent fringe benefit contributions, liquidated damages, and attorneys' fees and costs for the months of February 2010 through May 2010 is $14,872.98.

## **CONCLUSIONS OF LAW**

1. Swanson is in default and the Control Board is entitled to entry of a Money Judgment.

2. Swanson owes the Control Board $10,842.85 for delinquent fringe benefit contributions for the months of February 2010 through May 2010.

3. Swanson owes the Control Board $2,168.57 for liquidated damages for the months of February 2010 through May 2010.

4. Swanson owes the Control Board $1,861.56 for attorneys' fees and costs.

## **RECOMMENDATION**

Based on the foregoing, and on all the files, records, and proceedings, IT IS HEREBY RECOMMENDED THAT:

1.  Plaintiffs' Motion for Entry of a Default Money Judgment be granted.

2.  Judgment, in the amount of $14,872.98 be entered against Defendant and in favor of Plaintiffs.


Dated: September 10, 2010                   BY THE COURT:


s/Susan Richard Nelson
The Honorable Susan Richard Nelson
United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **September 27, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.